

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Southern Division*

| | | |
|---|---|---|
| Rod J. Rosenstein<br>*United States Attorney*<br><br>LisaMarie Freitas<br>*Special Assistant United States Attorney* | *United States Courthouse*<br>*6500 Cherrywood Lane*<br>*Greenbelt, MD 20770-1249* | *DIRECT: 301-344-4338*<br>*MAIN: 301-344-4433*<br>*FAX: 301-344-4516*<br>*TTY/TDD: 301-344-2426* |

January 8, 2013

Amy Fitzgibbons, Esq.
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770-4510

    Re:    United States v. Cary Anderson,
            Criminal No. JFM 12-0259

FILED _____ ENTERED _____
LODGED _____ RECEIVED _____

FEB 0 6 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Dear Ms. Fitzgibbons:

    This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by February 1, 2013, it will be deemed withdrawn. **The plea agreement is entered into and will be submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)©.** The terms of the agreement are as follows:

### Offenses of Conviction

1.    The Defendant agrees to plead guilty to Counts One and Six of the Indictment now pending against him, which both charge him with production of child pornography, in violation of Title 18, U.S.C. § 2251(a). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offenses

2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: (1) that the Defendant knowingly employed, used, persuaded, induced, enticed or coerced minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (2) the visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce.

## Penalties

3. The maximum sentence provided by statute for each of the offenses to which your client is pleading guilty is imprisonment for not less than 15 years and not more than thirty 30 years, lifetime supervised release and a fine of up to $250,000. In addition, the Defendant must pay $200 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration' status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.  This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a

3

reasonable doubt and to the following applicable sentencing guidelines factors:

  a. The base offense level for Counts One and Six is **32**, pursuant to U.S.S.G. § 2G2.1(a).

  b. Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), there is a **2** level increase to a **34**, because the offense involved a minor who had not attained the age of sixteen years (16).

  c. Pursuant to U.S.S.G. § 2G2.1(b)(2)(B), there is a **4** level increase to a **38**, because the offense involved the commission of a sexual act.

  d. Pursuant to U.S.S.G. § 2G2.1 (b)(6), there is a **2** level increase to a **40**, because the offense involved the use of a computer to persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in the sexually explicit conduct.

  e. There are two different dates, two different victims, and two acts of exploitation encompassed in Counts One and Six. Pursuant to U.S.S.G. § 3D1.2, Count Six involves an additional victim as in Count One, and the exploitation encompassed in Count Six occurred on a different date, and therefore does not group with Count One.

  f. Pursuant to U.S.S.G. § 3D1.4, there is a two **2** level increase to a **42**, because Counts One constitutes one unit and Count Six constitutes one unit, for a total of two units.

  g. This Office does not oppose a two-level reduction in the defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; © gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. The final anticipated adjusted offense level is **39**.

  7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history category could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

  8. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, or adjustments in the Sentencing Guidelines will be raised or are in dispute. If the defendant intends

to rely upon any expert report or opinion at sentencing, he must disclose any such opinion or report to the government 30 days in advance of the sentencing date.

### Rule 11 ©(1) © Plea

9. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)© that a sentence between 276 months (23 years) and 324 months (27 years) is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

10. At the time of sentencing, the parties will request that the Court accept the stipulated sentence. If the plea is accepted by the Court, the Defendant will recommend a sentence of 276 months, and this Office will recommend a sentence of 324 months and a lifetime term of supervised release. At the time of sentencing, this Office will move to dismiss any open counts.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Restitution

12. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259, the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Forfeiture

13. The defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value

of the property derived from, or otherwise involved in, the offense. Specifically, the court will order the forfeiture of:

      a.    Any visual depiction described in Title 18, U.S.C. §§ 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

      b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

      c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

      14.    The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

      15.    The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Registration as a Sex Offender

16.     The defendant understands and agrees that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

### Waiver of Appeal

17.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C.§ 1291 or otherwise, to appeal the Defendant's conviction;

   b.     If the Court imposes the agreed-upon sentence, the Defendant and this Office knowingly waive all rights, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:  (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **324 months**; and, (ii) this Office reserves the right to appeal any term of imprisonment to the extent that it is below **276 months**.

   c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

18.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence

Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Entire Agreement

19.     This agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case, except as follows: This agreement is contingent upon the Defendant entering a plea of guilty in the case of State of Maryland v. Cary Anderson, currently pending against him in St. Mary's County Circuit Court. Specifically, the Defendant must plead guilty to Count I and Count X of the state indictment pending against him, with time to run concurrent to the federal sentence imposed. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
LisaMarie Freitas
Special Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

1/23/13
Date

Cary Anderson

I am Cary Anderson's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

1/23/13
Date

Amy Fitzgibbons, Esquire

9

## EXHIBIT A:
## STIPULATED FACTS - CARY ANDERSON

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

At all times relevant to this case, defendant **CARY ANDERSON** ("**ANDERSON**") was a resident of Dameron, Maryland.

**ANDERSON** knew A.M., a 13 year old female, from a young age as a family friend. When A.M. was 11 years of age, **ANDERSON** began molesting her and engaging in sexual acts with her. On February 17, 2012, **ANDERSON** took a total of 11 photos using a cellular phone of A.M. Five of those pictures are images of A.M. engaged in sexually explicit acts, one depicts A.M. partially nude. The following are examples of the photos taken by **ANDERSON** of A.M. on February 17, 2012:

* 0217122137a.jpg: depicts **ANDERSON**'s hand in A.M.'s anus.

* 0217122141.jpg: depicts **ANDERSON** performing oral sex on A.M.

On February 18, 2012, **ANDERSON** took 26 photos of A.M. using a cellular phone. Twelve of those photos depicted A.M. partially or entirely nude while 11 depicted A.M. engaged in sexually explicit conduct. The following are examples of the photos taken by **ANDERSON** of A.M. on February 18, 2012:

* 0218121750.jpg: depicts A.M. inserting a sex toy into her vagina while **ANDERSON** inserts a hairbrush into her anus.

* 0218122003a.jpg: depicts A.M. performing oral sex on **ANDERSON**.

On February 19, 2012, **ANDERSON** took three photos of A.M., two of which were sexually explicit. The following are the two photos taken by **ANDERSON** of A.M. on February 19, 2012:

* 0219121142.jpg: depicts the lascivious exhibition of A.M.'s vagina.

* 0219121143.jpg: depicts **ANDERSON** digitally penetrating A.M.'s vagina.

On February 20, 2012, **ANDERSON** took thirty one photos of A.M. on a cellular phone. Twelve of those photos depicted A.M. partially or entirely nude while 14 depicted A.M. engaged

in sexually explicit conduct. The following are examples of photos taken by **ANDERSON** of A.M. on February 20, 2012:

* 0220121133.jpg: depicts **ANDERSON** inserting his fist into A.M.'s anus.

* 0220121315.jpg: depicts **ANDERSON** engaging in vaginal intercourse with A.M.

On February of 2012, **ANDERSON** met E.W., a 15 year old female, on Facebook. After engaging in chats, **ANDERSON** asked E.W. if she wanted to meet in person. **ANDERSON** asked his neighbor to pick up E.W. and drive her to his house. At his residence, **ANDERSON** and E.W. engaged in sexual acts to include oral and vaginal intercourse.

On February 23, 2012, **ANDERSON** took five photos of E.W. in her underwear and one nude photo of E.W. at his residence. On February 24, 2012, **ANDERSON** took six photos of E.W. displaying her genitals in a lascivious manner. The following are examples of photos taken by **ANDERSON** of E.W. on February 24, 2012:

* 0224120048.jpg: depicts E.W. naked from the waist down sitting with her legs spread and the lascivious exhibition of her vagina.

* 0224121417.jpg: depicts E.W.'s genitals held open by **ANDERSON**.

On February 24, 2012, **ANDERSON** also instructed A.M. and E.W. to engage in sexual acts with one another, several of which he photographed using a cellular phone. The following are examples of photos taken by **ANDERSON** of E.W. and A.M. on February 24, 2012:

* 0224121949.jpg: depicts A.M. inserting a sex toy into the vagina of E.W.

* 0224121959a.jpg: depicts A.M. sitting nude on E.W.'s face while E.W. inserts a sex object into her vagina. Also, **ANDERSON**'s hand is penetrating E.W.'s anus.

Following his arrest, **ANDERSON** was interviewed by law enforcement on several occasions. During these interviews, **ANDERSON** admitted to knowing that A.M. was 13 years of age and that E.W. was not 18 years of age. **ANDERSON** also admitted to engaging in sexual acts with both minor females and photographing some of the acts with a cellular phone. A forensic examination of the phone yielded the images aforementioned.

The cellular phone used for the photographs was not manufactured in the state of Maryland and therefore traveled in interstate or foreign commerce and affected interstate and foreign commerce.

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

_1-23-13_
Date

_Cary Michael Anderson_
Cary Anderson

I am Mr. Anderson's attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is a voluntary one.

_1/23/13_
Date

_Amy Fitzgibbons_
Amy Fitzgibbons, Esquire